1  Ira Benjamin Katz (Ca Bar No. 81007)
     Ikatz@katzlaw.net
2  Law Offices of Ira Benjamin Katz
   A Professional Corporation
3  1925 Century Park East, Suite 1700
   Los Angeles, California 90067
4  Telephone: 310.282.8580

5  Robert A. Weinberg (CA Bar No. 110144)
     Raw@rweinberglaw.com
6  Law Offices of Robert A. Weinberg
   18034 Ventura Boulevard, Suite 511
7  Encino, California 91316
   Telephone: 818.705.3254

8
   (Proposed) Special Litigation Counsel for Plaintiff, Howard M. Ehrenberg, Chapter 7
9  Trustee

10
                    **UNITED STATES BANKRUPTCY COURT**
11
              **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**
12

13
   In re                              Case No. 2:15-bk-21624-ER
14
   HARRY ROUSSOS,                      Chapter 7
15
              Debtor.                  **VERIFIED COMPLAINT (1) FOR**
16                                     **DECLARATORY RELIEF; (2) TO**
                                       **VACATE SALE FOR FRAUD ON THE**
17                                     **COURT; (3) TO QUIET TITLE; (4) FOR**
                                       **TURNOVER OF PROPERTY; (5) FOR**
18                                     **FRAUD; (6) FOR BREACH OF**
                                       **FIDUCIARY DUTY; AND (7) FOR AIDING**
19                                     **AND ABETTING BREACH OF**
                                       **FIDUCIARY DUTY**
20
                                       DATE:
21                                     TIME:    [Hearing To Be Set By Summons]
                                       PLACE:
22

23  In re                             Case No. 2:15-bk-21626-ER

24  THEODOSIOS ROUSSOS,

25              Debtor,

26

27

28

DAL\ 2453108.1 8/4/2015 (12:36 PM)

| | |
|---|---|
| HOWARD M. EHRENBERG, Chapter 7 Trustee for the Estates of Harry Roussos and Theodosios Roussos, | Adv. No. |
| Plaintiff, | |
| v. | |
| HARRY ROUSSOS; THEODOSIOS ROUSSOS; O.F. ENTERPRISES, L.P., a California limited partnership; LIRO, INC., a California corporation; S.M.B. INVESTORS ASSOCIATES, L.P., a California limited partnership; S.M.B. MANAGEMENT, INC., a California corporation; CHRISTINE ROUSSOS; PAULA ROUSSOS; CHASE BANK N.A.; ONEWEST BANK N.A.; and DOES 1 through 50, | |
| Defendants. | |

For his "Verified Complaint (1) for Declaratory Relief; (2) To Vacate Sale for Fraud on the Court; (3) To Quiet Title; (4) for Turnover of Property; (5) for Fraud; (6) for Breach of Fiduciary Duty; and (7) for Aiding and Abetting Breach of Fiduciary Duty" (the "Complaint"), plaintiff Howard M. Ehrenberg ("Plaintiff" or the "Trustee"), the duly appointed, qualified, and acting chapter 7 trustee for the estate of the debtor Harry Roussos ("Harry") and the estate of the debtor Theodosios Roussos ("Ted") hereby alleges and avers as follows:

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), (K), and (O).  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) and because this is a civil proceeding arising in and/or related to Harry's and Ted's chapter 7 cases, styled In re Harry Roussos, bearing Bankruptcy Case No. 2:15-bk-21624-ER and In re Theodosios Roussos, bearing Bankruptcy Case No. 2:15-bk-21626-ER, respectively, currently pending in the Los Angeles Division of the

1   United States Bankruptcy Court for the Central District of California (the "Bankruptcy

2   Court" or the "Court").

3          2.      Plaintiff is informed and believes, and on that basis alleges thereon,

4   that Harry filed a voluntary petition for relief under title 11 of the United States Code on

5   June 14, 1993 (the "Harry Petition Date"), bearing Bankruptcy Case No. 1:93-bk-31261-

6   AG (MB) (the "Harry Case").

7          3.      Plaintiff is informed and believes, and on that basis alleges thereon,

8   that Ted filed a voluntary petition for relief under title 11 of the United States Code on

9   June 14, 1993 (the "Ted Petition Date"), bearing Bankruptcy Case No. 1:93-bk-31265-AG

10  (MB) (the "Ted Case").

11         4.      The Ted Case and the Harry Case are collectively referred to as the

12  "Roussos Cases".

13         5.      Plaintiff is informed and believes, and on that basis alleges thereon,

14  that Harry's and Ted's cases were jointly administered pursuant to an order of the

15  presiding bankruptcy court.

16         6.      Plaintiff is informed and believes, and on that basis alleges thereon,

17  that on May 2, 1995, Harry's case was converted to chapter 7 and Ronald L. Durkin was

18  appointed chapter 7 trustee for Harry's estate.

19         7.      Plaintiff is informed and believes, and on that basis alleges thereon,

20  that on May 2, 1995, Ted's case was converted to chapter 7 and Ronald L. Durkin was

21  appointed chapter 7 trustee for Ted's estate.

22         8.      Plaintiff is informed and believes, and on that basis alleges thereon,

23  that Harry's case was closed on June 27, 2002.

24         9.      Plaintiff is informed and believes, and on that basis alleges thereon,

25  that Ted's case was closed on June 27, 2002.

26         10.     On July 21, 2015, the Office of the United States Trustee (the

27  "OUST") caused to be filed its "Ex Parte Motion To Reopen Chapter 7 Case Under 11

28  U.S.C. § 350(b) and To Transfer Bankruptcy Case To Los Angeles Division;

Memorandum of Points and Authorities; Declaration of Jill Sturtevant in Support Thereof" (the "Harry Motion to Reopen") in the Harry Case.  On July 21, 2015, the OUST also caused to be filed its "Ex Parte Motion To Reopen Chapter 7 Case Under 11 U.S.C. § 350(b) and To Transfer Bankruptcy Case To Los Angeles Division; Memorandum of Points and Authorities; Declaration of Jill Sturtevant in Support Thereof" (the "Ted Motion to Reopen") in Ted's Case.  Both motions were granted by the Court without a hearing.

11.    On July 23, 2015, the Court entered its "Order Granting Ex Parte Motion To Reopen Chapter 7 Case Under 11 U.S.C. § 350(b) and Reopening Case" pursuant to which the Harry Motion to Reopen was granted and the Harry Case was reopened.  Subsequently, on July 24, 2015, the Court entered its "Order Transferring Case To Los Angeles Division", and Harry's case was assigned to the Los Angeles Division.  That same day, Harry's case was assigned new Case No. 2:15-bk-21624-ER.

12.    On July 23, 2015, the Court entered its "Order Granting Ex Parte Motion To Reopen Chapter 7 Case Under 11 U.S.C. § 350(b) and Reopening Case" pursuant to which the Ted Motion to Reopen was granted and Ted's case also was reopened.  On July 24, 2015, the Court entered its "Order Transferring Case To Los Angeles Division", and Ted's case was assigned to the Los Angeles Division and was assigned new Case No. 2:15-bk-21626-ER.

## **PARTIES**

13.    Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee in the Roussos Cases and brings this action solely in his capacity as Trustee for the benefit of the debtors' estates and their creditors.

14.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendant Paula Roussos ("Paula") is a resident of Los Angeles, California, and is the spouse of Ted.

15.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendant Christine Roussos ("Christine") is a resident of Los Angeles, California, and is the spouse of Harry.

16.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendant O.F. Enterprises, L.P., a California limited partnership ("O.F.") is a California limited partnership with its principal place of business in Los Angeles, California.

17.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendant S.M.B. Investors Associates, L.P., a California limited partnership ("S.M.B."), is a California limited partnership with its principal place of business in Los Angeles, California.

18.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendant Liro, Inc., a California corporation ("Liro") is a California corporation with its principal place of business in Los Angeles, California.  Plaintiff further is informed and believes, and on that basis alleges thereon, that Liro is the general partner of O.F.

19.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendant S.M.B. Management, Inc., a California corporation ("S.M.B.M.") is a California corporation with its principal place of business in Los Angeles, California. Plaintiff is informed and believes, and on that basis alleges thereon, that S.M.B.M. is the general partner of S.M.B.

20.    Plaintiff is informed and believes, and on that basis alleges thereon, that at all times material herein Harry, Ted, Paula, and Christine, directly or indirectly, owned and controlled O.F., S.M.B., Liro, and S.M.B.M., and currently own and control O.F., S.M.B., Liro, and S.M.B.M.

21.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendant JP Morgan Chase Bank, N.A. ("Chase") is a federal savings bank and is the successor-in-interest to Coast Federal Savings and Loan Association, lienholder of record on the Abbott Kinney Property as that term is defined below.

22.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendant OneWest Bank, N.A. ("One West") is a federal savings bank and is the successor-in-interest to First Federal Bank of California, lienholder of record on the San

1   Vicente Property as that term is defined below.

2        23.    Plaintiff is informed and believes, and on that basis alleges thereon,

3   that defendants Harry, Ted, Paula, Christine, O.F., S.M.B., Liro, and S.M.B.M., and each

4   of them, were and now are the agents, servants, employees, representatives and/or alter

5   egos of each other, and in doing the things hereinafter mentioned, were acting within the

6   scope of his, her, or its authority as such agent, servant, employee, representative and/or

7   alter ego, with the permission and consent of each other.

8        24.    Plaintiff is informed and believes, and on that basis alleges thereon,

9   that defendants Harry, Ted, Paula, Christine, O.F., S.M.B., Liro, and S.M.B.M., and each

10  of them, conspired and agreed among themselves to do the wrongful acts complained of

11  herein, and were, in doing the acts complained of herein, acting pursuant to a conspiracy,

12  and that defendants Harry, Ted, Paula, Christine, O.F., S.M.B., Liro, and S.M.B.M., and

13  each of them, is jointly and severally liable to Plaintiff for the damages alleged herein.

14  Plaintiff further is informed and believes, and on that basis alleges thereon, that at all

15  times herein mentioned with respect to the events and transactions hereinafter described,

16  defendants Harry, Ted, Paula, Christine, O.F., S.M.B., Liro, and S.M.B.M., and each of

17  them, was acting as the agent and/or employee for, and on behalf of defendants Harry,

18  Ted, Paula, Christine, O.F., S.M.B., Liro, and S.M.B.M., and each of them.  Plaintiff

19  further is informed and believes, and on that basis alleges thereon, that each of the acts

20  and/or omissions of defendants Harry, Ted, Paula, Christine, O.F., S.M.B., Liro, and

21  S.M.B.M., and each of them, alleged in this Complaint were perpetrated or omitted, as

22  the case may be, in the course and scope of said agency and/or employment and in

23  furtherance of said conspiracy.  All such acts and/or omissions are, therefore, chargeable

24  to defendants Harry, Ted, Paula, Christine, O.F., S.M.B., Liro, and S.M.B.M., and each of

25  them.  Plaintiff further is informed and believes, and on that basis alleges thereon, that

26  defendants Harry, Ted, Paula, Christine, O.F., S.M.B., Liro, and S.M.B.M., and each of

27  them, assert an interest in the real property described below.

28        25.    The true names and capacities, whether individual, corporate,

1 | associate or otherwise, of defendants named herein as DOES 1 through 50, inclusive,

2 | are unknown to Plaintiff, who therefore sues such defendants by such fictitious names.

3 | DOES 1 through 50, inclusive, consists of all persons unknown, claiming any legal or

4 | equitable right, title, estate, lien, or interest in the properties described below adverse to

5 | Plaintiff's title, or a cloud upon Plaintiff's title thereto.

6 | **BACKGROUND**

7 |       26.    Plaintiff is informed and believes, and on that basis alleges thereon,

8 | that in the early 1980's, August Michaelides ("August") invested with two friends, Harry

9 | and Ted (collectively, the "Roussos Brothers") to purchase two apartment buildings:  (i) a

10 | 20-unit building located at 2727-2741 Abbot Kinney Boulevard, Venice, California (the

11 | "Abbot Kinney Property") and (ii) a 30-unit building located at 153 San Vicente Boulevard,

12 | Santa Monica, California (the "San Vicente Property" and with the Abbott Kinney

13 | Property, the "Properties").

14 |       27.    Plaintiff is informed and believes, and on that basis alleges thereon,

15 | that pursuant to August's agreement with Harry and Ted, August was to receive a thirty-

16 | three and one-third percent (33 1/3%) ownership interest in the Abbot Kinney Property

17 | and a ten percent (10%) ownership interest in the San Vicente Property.

18 |       28.    Plaintiff is informed and believes, and on that basis alleges thereon,

19 | that August passed away in 1992.

20 |       29.    Plaintiff is informed and believes, and on that basis alleges thereon,

21 | that when August's widow, Lula Michaelides ("Lula"), inquired about her pro rata share of

22 | the income from the Properties, she failed to receive satisfactory responses from the

23 | Roussos Brothers, and she further discovered that not only was she not receiving her pro

24 | rata share of income from the Properties, but in addition the Roussos Brothers had failed

25 | to include her husband on title to either the Abbot Kinney Property or the San Vicente

26 | Property.

27 |       30.    Plaintiff is informed and believes, and on that basis alleges thereon,

28 | that Lula commenced an action for breach of fiduciary duty, fraud, and to quiet title on

behalf of her husband's estate against the Roussos Brothers, among others, in the Superior Court for the State of California, County of Los Angeles, entitled <u>Lula Michaelides, etc. v. Theodosios Roussos, et al.</u>, which was assigned LASC Case No. BC054809 (the "State Court Action").

31.    Plaintiff is informed and believes, and on that basis alleges thereon, that a judgment (the "Original Judgment") was entered by the Superior Court in the State Court Action on March 2, 1994, in favor of Lula awarding her monetary damages and quieting her title to the 10% interest in the San Vicente Property and the 33 1/3% interest in the Abbot Kinney Property. A true copy of the Original Judgment is attached hereto as Exhibit "1".

32.    Plaintiff is informed and believes, and on that basis alleges thereon, that an amended judgment (the "Amended Judgment") was entered by the Superior Court in the State Court Action on June 15, 1994, in favor of Lula awarding her $600,000 in compensatory damages, $400,000 in punitive damages, $10,000 in costs, and quieted her title to the 10% interest in the San Vicente Property and the 33 1/3% interest in the Abbot Kinney Property. A true copy of the Amended Judgment is attached hereto as Exhibit "2".

33.    Plaintiff is informed and believes, and on that basis alleges thereon, that on or prior to March 3, 1994, Harry and/or Ted had consulted with, and retained, attorney Robert Beaudry ("Beaudry") to represent and assist them in forming a conspiracy to fraudulently transfer the Abbott Kinney Property and the San Vicente Property out of their names and into the names of sham entities to be indirectly owned and controlled by the Roussos Brothers and their spouses, Paula and Christine. Plaintiff further is informed and believes, and on that basis alleges thereon, that in connection with such conspiracy, the co-conspirators planned for Harry and Ted to file individual chapter 11 bankruptcy cases, seek a court order approving the sale of the Properties to their sham entities free and clear of Lula's interest in the Properties and provide the sham buyers with the protection afforded by the Bankruptcy Code to good faith buyers by

1  defrauding the Court into believing that the buyers were non-insider, arms-length, third-
2  party buyers.

3          34.    Plaintiff is informed and believes, and on that basis alleges thereon,
4  that on March 3, 1994, the day following the entry of the Original Judgment in the State
5  Court Action, in aid of the aforesaid conspiracy, Beaudry formed S.M.B.

6          35.    Plaintiff is informed and believes, and on that basis alleges thereon,
7  that on April 5, 1994, in aid of the aforesaid conspiracy, Beaudry formed O.F.

8          36.    Plaintiff is informed and believes, and on that basis alleges thereon,
9  that defendants Harry, Ted, Paula, and Christine, and each of them, have directly or
10  indirectly owned and controlled both S.M.B. and O.F. from the respective formation of
11  each entity.

12          37.    Plaintiff is informed and believes, and on that basis alleges thereon,
13  that on June 14, 1993, both Harry and Ted filed separate chapter 11 petitions
14  commencing their respective bankruptcy cases.

15          38.    Plaintiff is informed and believes, and on that basis alleges thereon,
16  that on May 9, 1994, Harry and Ted caused to be filed their "Motion By Debtor-In-
17  Possession for Order Authorizing Sale of Real Property Free and Clear of Co-Owner
18  Interests and Liens, and Authorizing Disbursement of Sales Proceeds: Memorandum of
19  Points and Authorities; Request for Judicial Notice; Declarations of Theodosios Roussos,
20  Harry Roussos, Perry Johnson, and George Ryon" (the "Sale Motion") pursuant to which
21  Harry and Ted sought approval of the sale of the Properties to S.M.B. and O.F.  A true
22  copy of the Sale Motion is attached hereto as Exhibit "3".

23          39.    Plaintiff is informed and believes, and on that basis alleges thereon,
24  that pursuant to the Sale Motion, the Roussos Brothers sought, among other things,
25  authority (i) to sell the Abbott Kinney Property to O.F. free and clear of Lula's interest for
26  the amount of $500, plus the assumption of debts secured by the Abbot Kinney Property,
27  and (ii) to sell the San Vicente Property to S.M.B. free and clear of Lula's interest for the
28  amount of $0.00, plus the assumption of debts secured by the San Vicente Property.

40.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Sale Motion was granted pursuant to an order (the "Sale Order") entered by the presiding bankruptcy court on August 5, 1994. A true copy of the Sale Order is attached hereto as Exhibit "4".

41.    Plaintiff is informed and believes, and on that basis alleges thereon, that the presiding bankruptcy court based its decision to approve the Sale Motion, in part, on the separate declarations from Harry and Ted filed in support of the Sale Motion stating that, among other things, (i) the proposed sales were arms-length, third party transactions, (ii) neither Harry nor Ted were partners or interest holders in either O.F. or S.M.B., (iii) prior to the proposed transactions, neither Harry nor Ted knew of O.F. or S.M.B. or their partners, (iv) neither Harry nor Ted were insiders of O.F. or S.M.B., and (v) the Properties were over-encumbered. Plaintiff further is informed and believes, and on that basis alleges thereon, that as a result of these and other representations, the presiding bankruptcy court approved the sales of the Properties to S.M.B. and O.F. free and clear of the interests of Lula in the Properties.

42.    Plaintiff is informed and believes, and on that basis alleges thereon, that the true facts were that at the time Harry and Ted made the aforesaid statements in their declarations, they knew that (i) Harry, Ted, Paula, and Christine, and each of them, directly or indirectly owned and controlled O.F. and its general partner, Liro, and directly or indirectly owned and controlled S.M.B. and its general partner, S.M.B.M.; (ii) the Properties were not over-encumbered; (iii) Harry, Ted, Paula, and Christine, and each of them, intended to maintain ownership and control of O.F. and S.M.B. and the Properties; and (iv) the Harry Case, the Ted Case, and the Sale Motion were part of Harry's and Ted's conspiracy with Beaudry, Paula, Christine, O.F., Liro, S.M.B., S.M.B.M., and others to transfer the Properties out of their names and their estates to place the Properties out of the reach of their creditors and to deprive Lula of her fractional ownership interests in the Properties.

43.    Plaintiff is informed and believes, and on that basis alleges thereon,

1   that Harry and Ted knew that the presiding bankruptcy court would rely upon their

2   declarations filed in support of the Sale Motion in determining whether to approve the

3   Sale Motion and whether to find that O.F. and S.M.B. were good faith purchasers entitled

4   to the protections afforded under Section 363(m) of the Bankruptcy Code, and that had

5   they disclosed the true facts to the presiding bankruptcy court, it would have denied the

6   Sale Motion.

7         44.    Plaintiff is informed and believes, and on that basis alleges thereon,

8   that Lula filed an objection to the Sale Motion. Plaintiff further is informed and believes,

9   and on that basis alleges thereon, that but for Harry's and Ted's false and fraudulent

10   declarations, the presiding bankruptcy court would not have granted the Sale Motion over

11   Lula's objections.

12         45.    Plaintiff is informed and believes, and on that basis alleges thereon,

13   that pursuant to the Sale Order, on or about October 19, 1994, Harry and Ted executed a

14   grant deed conveying title to the Abbott Kinney Property to O.F. which was recorded in

15   the Los Angeles County Recorder's Office on October 24, 1994, as Instrument No. 94-

16   1923612 (the "O.F. Grant Deed"). A true copy of the O.F. Grant Deed is attached hereto

17   as Exhibit "5". Attached thereto as Exhibit "A" is the legal description of the Abbott

18   Kinney Property which was assigned Assessor's Parcel Number 4429-013-039.

19         46.    Plaintiff is informed and believes, and on that basis alleges thereon,

20   that pursuant to the Sale Order, on or about November 29, 1994, Harry and Ted

21   executed a grant deed conveying title to the San Vicente Property to S.M.B. which was

22   recorded in the Los Angeles County Recorder's Office on December 5, 1994, as

23   Instrument No. 94-216228 (the "S.M.B. Grant Deed"). A true copy of the S.M.B. Grant

24   Deed is attached hereto as Exhibit "6". The San Vicente Property is more particularly

25   described in the S.M.B. Grant Deed as Lot 19 in Block "M" of the Palisades, in the City of

26   Santa Monica, County of Los Angeles, State of California, as per map recorded in Book

27   5, page 32 of Maps, in the Office of the County Recorder of Said County and was

28   assigned Assessor's Parcel Number 4293-002-020.

47.     Plaintiff is informed and believes, and on that basis alleges thereon, that shortly after title to the Properties was conveyed to O.F. and S.M.B., the Roussos Brothers converted their chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.  Plaintiff further is informed and believes, and on that basis alleges thereon, that after conversion of their cases, Harry and Ted received discharges of their debts except with respect to their indebtedness to Lula under the Amended Judgment which was declared to be non-dischargeable pursuant to a judgment issued by the presiding bankruptcy court pursuant to Section 523 of the Bankruptcy Code, and the Harry Case and the Ted Case subsequently were closed in 2002.

48.     Plaintiff is informed and believes, and on that basis alleges thereon, that after obtaining a judgment that the Amended Judgment was non-dischargeable and after the Harry Case and the Ted Case were closed, Lula sought to enforce the Amended Judgment against the Roussos Brothers and the Roussos Brothers continued to commit perjury to cover up and conceal their fraud upon the Bankruptcy Court, Lula, and creditors of their estates.

49.     Plaintiff is informed and believes, and on that basis alleges thereon, that on November 14, 2005, Lula conducted Ted's judgment debtor examination during which Ted testified, under oath, among other things, that (i) he and his brother were not limited partners of S.M.B., (ii) he did not know who the limited partners of S.M.B. were, (iii) he had not spoken to any of the general partners, (iv) he and his brother had no interest in either S.M.B. or O.F., (v) he and his wife, Paula, lived in a unit located at the San Vicente Property rent free, which he has done since their original purchase of the property in the early 1980's, (vi) his children live rent free in a second unit at the San Vicente Property, and (vii) his brother and sister-in-law, Harry and Christine, live rent free in a third unit at the San Vicente Property.

50.     Plaintiff is informed and believes, and on that basis alleges thereon, that based solely on the information Lula obtained from the November 14, 2005, judgment debtor examination, Lula filed an action for alter ego (the "Alter Ego

1  Complaint") in the Superior Court for the State of California, County of Los Angeles
2  against O.F. and S.M.B., which complaint was dismissed when Lula was unable to allege
3  facts sufficient to overcome a demurrer due to the ongoing fraud committed by Harry,
4  Ted, Paula, and Christine.

5         51.    Plaintiff is informed and believes, and on that basis alleges thereon,
6  that on July 20, 2006, Beaudry resigned from the California State Bar with charges
7  pending.  Plaintiff further is informed and believes, and on that basis alleges thereon, that
8  those charges related to the formation of sham corporations on behalf of Beaudry's
9  clients, as documented in the State Bar Court file in the matter of Robert Vincent
10  Beaudry, bearing Case No. 01-C-02756.

11         52.    Plaintiff is informed and believes, and on that basis alleges thereon,
12  that in September and December 2014, Lula conducted Harry's judgment debtor
13  examination.  Plaintiff further is informed and believes, and on that basis alleges thereon,
14  that Harry was represented by the same attorney who had represented S.M.B. and O.F.
15  in demurring to the Alter Ego Complaint in 2005.

16         53.    Plaintiff is informed and believes, and on that basis alleges thereon,
17  that during the September and December 2014, judgment debtor examination, Harry
18  testified, under oath, among other things, that (i) he held no interest in or to the San
19  Vicente Property, the Abbot Kinney Property, O.F., or S.M.B., and (ii) "I don't own any
20  other properties and I don't own Paloma, either, anymore, because subsequently we
21  bankrupt and everything was wiped out".

22         54.    Plaintiff is informed and believes, and on that basis alleges thereon,
23  that Lula ascertained that Lilla Montahem ("Montahem") was listed in the records of the
24  California Secretary of State as agent for service of process for S.M.B.

25         55.    Plaintiff is informed and believes, and on that basis alleges thereon,
26  that on October 14, 2014, Montahem declared, under penalty of perjury, that (i) she has
27  never been an officer, owner, partner, or employee of S.M.B.M. or S.M.B. and (ii) she
28  was a legal assistant in the early 1990's for Beaudry.

56.    Plaintiff is informed and believes, and on that basis alleges thereon, that in the beginning of 2015, Lula discovered that a potential arbitration action existed between Harry and Ted in regards to the management of their entities and properties. Plaintiff is informed and believes, and on that basis alleges thereon, that on June 19, 2012, Harry and Christine filed a petition (the "Petition") to compel Ted and Paula to arbitrate the dispute, which was assigned Case No. BS138099 (the "Arbitration Action"). As set forth in Paragraph 53 of this Complaint, Harry testified in his 2014 judgment debtor examination that all of his properties were "wiped out" in his bankruptcy, yet in his declaration dated June 13, 2012, submitted as part of the Petition, Harry declared that for more than 20 years he and his brother owned and operated various multi-family rental properties in Los Angeles and San Bernardino Counties and that they continued to oversee the daily operations of these properties.  Harry further declared that the Roussos Brothers had entered into an arbitration agreement for the purposes of not only deciding disputes regarding their properties, but also the dissolution of the businesses and the equitable distribution of the assets for those businesses.  Attached to that Petition is a letter from Harry's attorney to Ted's attorney wherein Harry's attorney states as follows:

"Claims in Arbitration

Harry and Christine assert the following claims in arbitration, and hereby reserve the right to amend their claims at a later date:

A.    REAL PROPERTY For Dissolution of S.M.B. Associates, LP, Liro, Inc., OF Management LP, and any related or affiliated entities, and distribution of all assets managed by those entities to Harry and Ted per their respective ownership interests in said entities".

A true and correct copy of the Petition is attached hereto as Exhibit "7".

57.    Plaintiff is informed and believes, and on that basis alleges thereon, that on August 23, 2012, a declaration was filed in the Arbitration Action by one of the Roussos Brothers' former attorneys wherein he stated that he had acted as legal counsel, mediator, and arbitrator for Harry, Christine, Ted, and Paula "as to various

1   matters, including, but not limited to, their business operations regarding the following

2   properties (collectively, the "Roussos Properties"): "(1.) **153 San Vicente Blvd., Santa**

3   **Monica, California. (2) 2727 through 2741 Abbot Kinney Blvd., Venice, California;**

4   **(3) 2721 Abbot Kinney Blvd., Venice, California**; (4) 39 Paloma Ave, Venice, CA; (5)

5   2209 Ocean Front Walk, Venice, CA; and (6) 580 WE Street, Colton, CA". [Emphasis

6   added].  A true copy of the August 23, 2012, Declaration is attached hereto as Exhibit "8".

7   Attached to the August 23, 2012, Declaration is a written offer made by Ted to purchase

8   Harry's interest in the Roussos Brothers' business.

9                        **FIRST CLAIM FOR RELIEF**

10  **(For Declaratory Relief Against Defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M.,**

11               **Christine, and Paula Pursuant to 28 U.S.C. § 2201)**

12            58.    Plaintiff incorporates by reference paragraphs 1 through 57 of this

13  Complaint as though fully set forth herein.

14            59.    An actual controversy has arisen between Plaintiff and defendants

15  Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, in that these defendants

16  contend that (i) the proposed sales of the Properties were arms-length, third party

17  transactions, (ii) neither Harry nor Ted were partners or interest holders in either O.F. or

18  S.M.B., (iii) prior to the proposed transactions, neither Harry nor Ted knew of O.F. or

19  S.M.B. or their partners, (iv) neither Harry nor Ted were insiders of O.F. or S.M.B., (v) the

20  Properties were over-encumbered, (vi) O.F. is the owner of the Abbot Kinney Property

21  pursuant to the Sale Order and is entitled to the protections afforded to good faith

22  purchasers pursuant to 11 U.S.C. § 363(m), (vii) S.M.B. is the owner of the San Vicente

23  Property pursuant to the Sale Order and is entitled to the protections afforded to good

24  faith purchasers pursuant to 11 U.S.C. § 363(m), whereas Plaintiff contends that the true

25  facts were that at the time Harry and Ted, as debtors in possession and officers of the

26  court, made the aforesaid statements in their declarations, they knew that (i) Harry, Ted,

27  Paula, and Christine, and each of them, directly or indirectly owned and controlled O.F.

28  and its general partner, Liro, and directly or indirectly owned and controlled S.M.B. and its

general partner, S.M.B.M.; (ii) the Properties were not over-encumbered; (iii) Harry, Ted, Paula, and Christine, and each of them, intended to maintain ownership and control of O.F. and S.M.B and the Properties; (iv) the Harry Case, the Ted Case, and the Sale Motion were part of Harry's and Ted's conspiracy with Beaudry, Paula, Christine, O.F., Liro, S.M.B., S.M.B.M., and others to transfer the Properties out of their names and their estates to place the Properties out of the reach of their creditors and to deprive Lula of her fractional ownership interests in the Properties; (v) Harry and Ted intended for the presiding bankruptcy court to rely upon their declarations filed in support of the Sale Motion in determining whether to approve the Sale Motion and whether to find that O.F. and S.M.B. were good faith purchasers entitled to the protections afforded under 11 U.S.C. § 363(m); (vi) the presiding bankruptcy court would rely on the false and fraudulent declarations submitted in support of the Sale Motion; (vii) had Harry and Ted disclosed the true facts to the presiding bankruptcy court, the bankruptcy court would have denied the Sale Motion; and (viii) but for Harry's and Ted's false and fraudulent declarations, the presiding bankruptcy court would not have granted the Sale Motion over Lula's objections.

60.    Plaintiff desires a declaration of his rights and remedies with respect to the disputed ownership interests in and to the Sale Order and the Properties as a direct and proximate result of the fraud perpetrated on the presiding bankruptcy court by defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula.  Such declaration is necessary and appropriate at this time since, if the Bankruptcy Court does not resolve the actual controversy between Plaintiff and defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, may take further actions to control, possess, seize, or otherwise interfere with Plaintiff's superior right, title, and interest in and to the Properties, to the prejudice and detriment of Plaintiff and creditors of the Roussos Brothers' estates.

## SECOND CLAIM FOR RELIEF

**(To Vacate Sale Order Against Defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula Pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure)**

61.    Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as though fully set forth herein.

62.    Plaintiff is informed and believes, and on that basis alleges thereon, that as debtors in possession and officers of the court, Harry and Ted submitted false and fraudulent declarations in support of the Sale Motion through which Harry and Ted stated, under penalty of perjury, that (i) the proposed sales of the Properties were arms-length, third party transactions, (ii) neither Harry nor Ted were partners or interest holders in either O.F. or S.M.B., (iii) prior to the proposed transactions, neither Harry nor Ted knew of O.F. or S.M.B. or their partners, (iv) neither Harry nor Ted were insiders of O.F. or S.M.B., and (v) the Properties were over-encumbered.

63.    Plaintiff is informed and believes, and on that basis alleges thereon, that the true facts were that at the time Harry and Ted, as debtors in possession and officers of the court, made the aforesaid statements in their declarations, they knew that (i) Harry, Ted, Paula, and Christine, and each of them, directly or indirectly owned and controlled O.F. and its general partner, Liro, and directly or indirectly owned and controlled S.M.B. and its general partner, S.M.B.M.; (ii) the Properties were not over-encumbered; (iii) Harry, Ted, Paula, and Christine, and each of them, intended to maintain ownership and control of O.F. and S.M.B. and the Properties; (iv) the Harry Case, the Ted Case, and the Sale Motion were part of Harry's and Ted's conspiracy with Beaudry, Paula, Christine, O.F., Liro, S.M.B., S.M.B.M., and others to transfer the Properties out of their names and their estates to place the Properties out of the reach of their creditors and to deprive Lula of her fractional ownership interests in the Properties; (v) Harry and Ted intended for the presiding bankruptcy court to rely upon their declarations filed in support of the Sale Motion in determining whether to approve the

Sale Motion and whether to find that O.F. and S.M.B. were good faith purchasers entitled to the protections afforded under 11 U.S.C. § 363(m); (vi) the presiding bankruptcy court would rely on the false and fraudulent declarations submitted in support of the Sale Motion; (vii) had Harry and Ted disclosed the true facts to the presiding bankruptcy court, the bankruptcy court would have denied the Sale Motion; and (viii) but for Harry's and Ted's false and fraudulent declarations, the presiding bankruptcy court would not have granted the Sale Motion over Lula's objections.

64.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, and each of them, willfully, intentionally, deliberately, and purposely set in motion an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate the Sale Motion.

65.    Plaintiff is informed and believes, and on that basis alleges thereon, that (i) as debtors in possession, Harry and Ted were officers of the court at the time the declarations were submitted in support of the Sale Motion, (ii) the declarations submitted in support of the Sale Motion were intentionally and knowingly false at the time they were submitted, (iii) the false and fraudulent statements in the declarations were directed to the presiding bankruptcy court, and (iv) the false and fraudulent statements in the declarations did, in fact, deceive the presiding bankruptcy court.

66.    Pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by virtue of Rule 9024 of the Federal Rules of Bankruptcy Procedure, the Court has the inherent authority to set aside and vacate the Sale Order, and set aside and vacate the O.F. Grant Deed and the S.M.B. Grant Deed, and such other instruments as were executed pursuant to the Sale Order.

## THIRD CLAIM FOR RELIEF

**(To Quiet Title Against Defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M.,**

**Christine, Paula, Chase, and OneWest Pursuant to Code of Civil Procedure §§**

**761.010 et seq.)**

67.    Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as though fully set forth herein.

68.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Abbott Kinney Property is located at 2727-2741 Abbot Kinney Boulevard, Venice, California, and is improved with a 20-unit apartment building.  The legal description of the Abbot Kinney Property is set forth in the O.F. Grant Deed attached hereto as Exhibit "5" and the Assessor's Parcel Number is 4429-013-039.

69.    Plaintiff is informed and believes, and on that basis alleges thereon, that the San Vicente Property is located at 153 San Vicente Boulevard, Santa Monica, California, and is improved with a 30-unit apartment building.  The legal description of the San Vicente Property is set forth in the S.M.B. Grant Deed attached hereto as Exhibit "6" and the Assessor's Parcel Number is 4293-002-020.

70.    Plaintiff is informed and believes, and on that basis alleges thereon, that as of the Harry Petition Date, the Ted Petition Date, the filing of the Sale Motion, the entry of the Sale Order, the execution and recordation of the O.F. Grant Deed, and the execution and recordation of the S.M.B. Grant Deed, Harry and Ted were the record title holders of the Abbot Kinney Property and the San Vicente Property.

71.    Plaintiff is informed and believes, and on that basis alleges thereon, that defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, Paula, Chase, and OneWest, and each of them, claim an interest in one or both of the Properties which is adverse to that of Plaintiff, and, with the possible exception of the secured claims of Chase and OneWest, the claims are without merit as they all flow from the issuance of the Sale Order obtained by a fraud upon the court and the subsequent execution and recordation of the  S.M.B. Grant Deed and the O.F. Grant Deed and such other

1    instruments that may have been executed pursuant to such Sale Order and/or one or
2    both of such grant deeds.

3        72.    Plaintiff is seeking to quiet title against the claims of defendants
4    Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, and each of them, subject
5    only to the liens of record in favor of Chase and OneWest to the extent each or its
6    predecessor-in-interest gave reasonably equivalent value for the debt secured by the lien
7    without knowledge of the fraud described above, as the claims of defendants Harry, Ted,
8    O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, and each of them, are without any
9    right whatsoever and such defendants have no right, title, estate, lien, or interest
10   whatsoever in the Properties or any part thereof.

11       73.    Plaintiff seeks to quiet title as of the date of the Sale Order.

12   ### FOURTH CLAIM FOR RELIEF

13   **(For Turnover of Property Against Defendants Harry, Ted, O.F., Liro, S.M.B.,**
14   **S.M.B.M., Christine, and Paula Pursuant to 11 U.S.C § 542)**

15       74.    Plaintiff incorporates by reference paragraphs 1 through 57 of this
16   Complaint as though fully set forth herein.

17       75.    Pursuant to 11 U.S.C. § 541, upon the filing of the Harry Case, all of
18   Harry's legal and equitable interests in property, including without limitation, the
19   Properties, and all money and other property that was derived therefrom, became
20   property of his bankruptcy estate.

21       76.    Pursuant to 11 U.S.C. § 541, upon the filing of the Ted Case, all of
22   Ted's legal and equitable interests in property, including without limitation, the Properties,
23   and all money and other property that was derived therefrom, became property of his
24   bankruptcy estate.

25       77.    Plaintiff is informed and believes and, on that basis alleges thereon,
26   that as a direct and proximate result of the fraud perpetrated on the presiding bankruptcy
27   court, the Properties are property of the Roussos Brothers' estates pursuant to, among
28   other things, 11 U.S.C. § 541.

78.     Plaintiff is informed and believes and, on that basis alleges thereon, that defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, and each of them, are in possession, custody, or control, during this bankruptcy case, of property that Plaintiff, as trustee for the Roussos Brothers estates, may use, sell or lease under 11 U.S.C. § 363 and such property is not of inconsequential value or benefit to the Roussos Brothers' estates.

79.     Pursuant to 11 U.S.C. § 542, defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, and each of them, are required to account for and turn over to Plaintiff all such property in their possession, custody, or control including, without limitation, (i) management and control over the Properties, (ii) all records pertaining to the leasing, operation, maintenance, and improvement of the Properties, (iii) all income and other proceeds from the operation of the Properties, and (iv) the Properties.

## FIFTH CLAIM FOR RELIEF

### (For Fraud Against Defendants Harry and Ted)

80.     Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as though fully set forth herein.

81.     Harry and Ted's conduct, as described and alleged in this Complaint constitutes fraud in that Harry and Ted, as debtors in possession and officers of the court, submitted false and fraudulent declarations in support of the Sale Motion through which Harry and Ted stated, under penalty of perjury, that (i) the proposed sales of the Properties were arms-length, third party transactions, (ii) neither Harry nor Ted were partners or interest holders in either O.F. or S.M.B., (iii) prior to the proposed transactions, neither Harry nor Ted knew of O.F. or S.M.B. or their partners, (iv) neither Harry nor Ted were insiders of O.F. or S.M.B., and (v) the Properties were over-encumbered, when, in fact, Harry and Ted knew each of these statements were false at the time they were made.  Harry and Ted made these false and fraudulent statements to deceive the presiding bankruptcy court and induce the presiding bankruptcy court to

grant the Sale Motion over the objections of Lula.  As part of this scheme and artifice to

defraud, Harry and Ted, and each of them, made false and misleading statements and

omissions of material fact in that the true facts were that at the time Harry and Ted, as

debtors in possession and officers of the court, made the aforesaid statements in their

declarations, they knew that (i) Harry, Ted, Paula, and Christine, and each of them,

directly or indirectly owned and controlled O.F. and its general partner, Liro, and directly

or indirectly owned and controlled S.M.B. and its general partner, S.M.B.M.; (ii) the

Properties were not over-encumbered; (iii) Harry, Ted, Paula, and Christine, and each of

them, intended to maintain ownership and control of O.F. and S.M.B. and the Properties;

(iv) the Harry Case, the Ted Case, and the Sale Motion were part of Harry's and Ted's

conspiracy with Beaudry, Paula, Christine, O.F., Liro, S.M.B., S.M.B.M., and others to

transfer the Properties out of their names and their estates to place the Properties out of

the reach of their creditors and to deprive Lula of her fractional ownership interests in the

Properties; (v) Harry and Ted intended for the presiding bankruptcy court to rely upon

their declarations filed in support of the Sale Motion in determining whether to approve

the Sale Motion and whether to find that O.F. and S.M.B. were good faith purchasers

entitled to the protections afforded under 11 U.S.C. § 363(m); (vi) the presiding

bankruptcy court would rely on the false and fraudulent declarations submitted in support

of the Sale Motion; (vii) had Harry and Ted disclosed the true facts to the presiding

bankruptcy court, the bankruptcy court would have denied the Sale Motion; and (viii) but

for Harry's and Ted's false and fraudulent declarations, the presiding bankruptcy court

would not have granted the Sale Motion over Lula's objections.  Each such statement or

omission made by Harry and Ted, and each of them, was untrue or misleading, and

Harry and Ted never believed them to be true or not misleading and they recklessly

made those statements without regard to their truthfulness or influences on the presiding

bankruptcy court, Lula, or creditors of their estates.

82.    Harry and Ted, and each of them, intended for the presiding

bankruptcy court, Lula, and or creditors of their estates to rely upon the false and

1  fraudulent statements and the presiding bankruptcy court, Lula, and creditors of their

2  estates did rely, to their detriment, upon Harry's and Ted's false and misleading

3  statements and representations of material fact and omissions of material fact by granting

4  the Sale Motion and issuing the Sale Order.  At no time prior to the Sale Motion or the

5  Sale Order did the presiding bankruptcy court, Lula, or creditors of their estates know or

6  appreciate Harry's and Ted's design to deceive the court.  Had the presiding bankruptcy

7  court, Lula, or creditors of their estates known of Harry's and Ted's fraudulent intent, the

8  presiding bankruptcy court would not have granted the Sale Motion and issued the Sale

9  Order.

10     83.   As a proximate result of Harry's and Ted's conduct, their respective

11  estates have been damaged and injured in an amount subject to proof at trial.

12     84.   Because Harry and Ted, and each of them, acted maliciously and

13  oppressively, despicably, and in callous disregard of the rights and interests of the

14  presiding bankruptcy court, Lula, and/or creditors of their estates, Plaintiff is not only

15  entitled to the damages requested above, but also to punitive damages, in a sum not

16  presently known, but within the discretion of the trier of fact, for the sake of example and

17  by way of punishing Harry and Ted.

18  **SIXTH CLAIM FOR RELIEF**

19  **(For Breach of Fiduciary Duty Against Defendants Harry and Ted)**

20     85.   Plaintiff incorporates by reference paragraphs 1 through 57 of this

21  Complaint as though fully set forth herein.

22     86.   At the time Harry and Ted executed and submitted the false and

23  fraudulent declarations in support of the Sale Motion, Harry and Ted, and each of them,

24  were debtors in possession and officers of the court, who owed a fiduciary duty to the

25  Bankruptcy Court and their respective bankruptcy estates and creditors to, among other

26  things, refrain from acting in their self-interests, protect and conserve property in their

27  possession for the benefit of creditors, and refrain from acting in a manner which could

28  damage the estate, or hinder a successful reorganization of the business or their financial

1   affairs.

2         87.     By submitting false and fraudulent declarations in support of the Sale
3   Motion, Harry and Ted, and each of them, breached the fiduciary duty owed to the
4   Bankruptcy Court and their respective bankruptcy estates and creditors by, among other
5   things, engaging in self-dealing, failing to protect and conserve property in their
6   possession for the benefit of creditors, refraining from acting in a manner which could
7   damage their respective bankruptcy estates, and hindering the successful reorganization
8   of the business or their financial affairs.

9         88.     As a proximate result of Harry's and Ted's conduct, their respective
10   estates have been damaged and injured in an amount subject to proof at trial.

11         89.     Because Harry and Ted, and each of them, acted maliciously and
12   oppressively, despicably, and in callous disregard of the rights and interests of the
13   presiding bankruptcy court, Lula, and/or creditors of their estates, Plaintiff is not only
14   entitled to the damages requested above, but also to punitive damages, in a sum not
15   presently known, but within the discretion of the trier of fact, for the sake of example and
16   by way of punishing Harry and Ted.

17                        **SEVENTH CLAIM FOR RELIEF**

18   **(For Aiding and Abetting Breach of Fiduciary Duty Against Defendants O.F., Liro,**
19                  **S.M.B., S.M.B.M., Christine, and Paula)**

20         90.     Plaintiff incorporates by reference paragraphs 1 through 57 of this
21   Complaint as though fully set forth herein.

22         91.     At the time Harry and Ted executed and submitted the false and
23   fraudulent declarations in support of the Sale Motion, Harry and Ted, and each of them,
24   were debtors in possession and officers of the court, who owed a fiduciary duty to the
25   Bankruptcy Court and their respective bankruptcy estates and creditors to, among other
26   things, refrain from acting in their self-interests, protect and conserve property in their
27   possession for the benefit of creditors, and refrain from acting in a manner which could
28   damage the estate, or hinder a successful reorganization of the business or their financial

1  affairs.

2        92.      By submitting false and fraudulent declarations in support of the Sale

3  Motion, Harry and Ted, and each of them, breached the fiduciary duty owed to the

4  Bankruptcy Court and their respective bankruptcy estates and creditors by, among other

5  things, engaging in self-dealing, failing to protect and conserve property in their

6  possession for the benefit of creditors, refraining from acting in a manner which could

7  damage their respective bankruptcy estates, and hindering the successful reorganization

8  of the business or their financial affairs.

9        93.      At the time Harry and Ted executed and submitted the false and

10  fraudulent declarations in support of the Sale Motion, defendants O.F., Liro, S.M.B.,

11  S.M.B.M., Christine, and Paula, and each of them, had actual knowledge that Harry and

12  Ted were breaching the fiduciary duties they owed to the Bankruptcy Court and their

13  respective bankruptcy estates and creditors.

14        94.      Prior to the time Harry and Ted executed and submitted the false

15  and fraudulent declarations in support of the Sale Motion, defendants O.F., Liro, S.M.B.,

16  S.M.B.M., Christine, and Paula, and each of them, rendered substantial assistance or

17  encouragement to Harry's and Ted's breach of the fiduciary duties they owed to the

18  Bankruptcy Court and their respective bankruptcy estates and creditors.

19        95.      The active participation of defendants O.F., Liro, S.M.B., S.M.B.M.,

20  Christine, and Paula, and each of them, in the fraud perpetrated on the presiding

21  bankruptcy court and creditors was a substantial factor in causing harm to Plaintiff.

22        96.      As a proximate result of defendants O.F., Liro, S.M.B., S.M.B.M.,

23  Christine, and Paula's conduct, the respective bankruptcy estates of Harry and Ted have

24  been damaged and injured in an amount subject to proof at trial.

25        97.      Because O.F., Liro, S.M.B., S.M.B.M., Christine, and Paula, and

26  each of them, acted maliciously and oppressively, despicably, and in callous disregard of

27  the rights and interests of the presiding bankruptcy court, Lula, and/or creditors of the

28  bankruptcy estates of Ted and Harry, Plaintiff is not only entitled to the damages

1  requested above, but also to punitive damages, in a sum not presently known, but within

2  the discretion of the trier of fact, for the sake of example and by way of punishing O.F.,

3  Liro, S.M.B., S.M.B.M., Christine, and Paula.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against defendants as follows:

**ON THE FIRST CLAIM FOR RELIEF**

7          1.      For a declaratory judgment that the Properties are property of the

8  Roussos Brothers' estates as a direct and proximate result of the fraud perpetrated on

9  the presiding bankruptcy court by defendants Harry, Ted, O.F., Liro, S.M.B., S.M.B.M.,

10  Christine, and Paula;

**ON THE SECOND CLAIM FOR RELIEF**

12          2.      For a judgment setting aside and vacating the Sale Order, and

13  setting aside and vacating the O.F. Grant Deed and the S.M.B. Grant Deed, and such

14  other instruments executed pursuant to the Sale Order;

**ON THE THIRD CLAIM FOR RELIEF**

16          3.      For a judgment quieting title to the Properties as of the date of the

17  Sale Order;

**ON THE FOURTH CLAIM FOR RELIEF**

19          4.      For a judgment requiring an accounting and turnover to Plaintiff of (i)

20  management and control over the Properties, (ii) all records pertaining to the leasing,

21  operation, maintenance, and improvement of the Properties, (iii) all income and other

22  proceeds from the operation of the Properties, and (iv) the Properties;

**ON THE FIFTH CLAIM FOR RELIEF**

24          5.      For compensatory damages and punitive damages according to

25  proof at trial;

**ON THE SIXTH CLAIM FOR RELIEF**

27          6.      For compensatory damages and punitive damages according to

28  proof at trial;

**ON THE SEVENTH CLAIM FOR RELIEF**

7.    For compensatory damages and punitive damages according to proof at trial;

**ON ALL CLAIMS FOR RELIEF**

8.    For costs of suit incurred herein, including, without limitation, attorneys' fees; and

9.    For such other and further relief as the Court deems just and proper.

DATED: August 4, 2015             LAW OFFICES OF ROBERT A. WEINBERG

LAW OFFICES OF IRA BENJAMIN KATZ, A
PROFESSIONAL CORPORATION

By: /s/ Ira Benjamin Katz
Ira Benjamin Katz
(Proposed) Special Litigation Counsel for
Plaintiff, Howard M. Ehrenberg, Chapter 7
Trustee

## VERIFICATION OF COMPLAINT

I, Howard M. Ehrenberg, declare and state:

1.    I am the plaintiff and the duly appointed, qualified, and acting chapter 7 trustee for the estate of the debtor Harry Roussos ("Harry") and the estate of the debtor Theodosios Roussos ("Ted").

2.    I have read the foregoing "Verified Complaint (1) for Declaratory Relief; (2) To Vacate Sale for Fraud on the Court; (3) To Quiet Title; (4) for Turnover of Property; (5) for Fraud; (6) for Breach of Fiduciary Duty; and (7) for Aiding and Abetting Breach of Fiduciary Duty" and know its contents. I am informed and believe, and on that basis allege thereon, that the allegations and averments stated therein are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of August, 2015, at Los Angeles, California.

Howard M. Ehrenberg, Chapter 7 Trustee