

**FILED & ENTERED**

**JUL 22 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** evangeli **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | | | |
|---|---|---|---|
| In re: | HARRY ROUSSOS and THEODOSIOS ROUSSOS, Debtors | Case Nos.: | 2:15-bk-21624-ER and 2:15-bk-21626-ER (jointly administered) |
| | | Adv. Nos.: | 2:15-ap-01404-ER and 2:15-ap-01406-ER |
| HOWARD M EHRENBERG, Chapter 7 Trustee, Plaintiff v. HARRY ROUSSOS, an individual; THEODOSIOS ROUSSOS, an individual; CHRISTINE ROUSSOS, an individual; PAULA ROUSSOS, an individual; O.F. ENTERPRISES, L.P., a California limited partnership; LIRO, INC., a California corporation; S.M.B. INVESTORS ASSOCIATES, L.P., a California limited partnership; S.M.B. MANAGEMENT, INC., a California corporation; Chase Bank, N.A.; and OneWest Bank, N.A. Defendants | | **MEMORANDUM OF DECISION AWARDING ATTORNEYS' FEES TO PLAINTIFF TO COMPENSATE FOR THE COSTS OF BRINGING A MOTION TO COMPEL DEFENDANT THEODOSIOS ROUSSOS TO PRODUCE DOCUMENTS** | |
| | | Date: | June 30, 2016 |
| | | Time: | 10:00 a.m. |
| | | Location: | Ctrm. 1568 Roybal Federal Building 255 East Temple Street Los Angeles, CA 90012 |

On June 30, 2016, the Court conducted a hearing on the motion of the Chapter 7 Trustee ("Plaintiff") to compel Theodosios Roussos ("Theodosios")[1] to produce documents ("Motion to Compel") [Doc. No. 309].[2] The Court found that Theodosios had, without justification, failed to produce non-privileged documents in response to Plaintiff's Requests for Production. The Court found that Theodosios' failure to comply with his discovery obligations warranted the imposition of sanctions pursuant to Civil Rule 37(a)(5)(A). *See generally* Final Ruling Granting Motion to Compel [Doc. No. 328]. The Court ordered the Plaintiff to submit a declaration setting forth the attorneys' fees incurred in bringing the Motion to Compel ("Fee Declaration"), and ordered that Theodosios would have ten days to respond to the Fee Declaration, after which the matter as to the appropriate amount of attorneys' fees would be taken under submission.

Theodosios has not responded to the Fee Declaration within the ten-day deadline imposed by the Court. The Court has reviewed the declarations of attorneys Robert A. Weinberg and Ira Benjamin Katz in support of the Fee Declaration. The Court finds that fees of $2,800 incurred by Weinberg and fees of $4,181 and costs of $5 incurred by Katz are reasonable in view of the time spent and the complexity of the Motion to Compel. The Court finds that the hourly billing rates for Katz ($565) and Weinberg ($500) are comparable to rates charged by practitioners with similar levels of experience in this district. Accordingly, the Court will enter judgment requiring Theodosios to pay to Plaintiff $6,986 for the attorneys' fees and costs incurred in bringing the Motion to Compel.

Plaintiff requests that Theodosios also be required to pay attorneys' fees incurred by Asa S. Hami and Steven F. Werth. The Fee Declaration contains two unauthenticated exhibits which appear to be Hami and Werth's billing records for work performed on the Motion to Compel. The Fee Declaration does not contain any supporting declaration testimony from either Hami or Werth. The Court will not require Theodosios to pay fees for which there is no evidentiary support.

The Court will enter judgment consistent with this Memorandum of Decision.

###

Date: July 22, 2016

Ernest M. Robles
United States Bankruptcy Judge

---

[1] A given name is used to distinguish Theodosios Roussos from his brother, Harry Roussos, who is also a defendant in this litigation. No disrespect is intended.

[2] Unless otherwise indicated, all citations to the docket are to Adv. No. 2:15-ap-01406-ER. Identical papers were filed in Adv. No. 2:15-ap-01404-ER.